# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### *www.flsb.uscourts.gov*

In re:

FLOCAR INVESTMENT GROUP,

      Debtor.

_____/

MARCIA T. DUNN, Chapter 7 Trustee of the
Bankruptcy Estate of FLOCAR INVESTMENT
GROUP,

      Plaintiff,

v.

BANK OF AMERICA, N.A., a national federally
chartered bank;

      Defendant(s).

_____/

**Main Case No.: 16-26856-LMI**
**Chapter 7**

**ADV. CASE NO.: _____**

## COMPLAINT

      Plaintiff, MARCIA T. DUNN, in her capacity as the duly appointed Chapter 7 Trustee of the above-captioned main bankruptcy case (the "Plaintiff" or "Trustee"), by and through undersigned counsel, sues Defendant, Bank of America, N.A. ( "BOA" or "Defendant"), and alleges:

### JURISDICTION AND VENUE

      1.     This is an adversary proceeding brought by the Trustee against Defendant to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, and 550; 26 U.S.C. § 6502(a); and Fla. Stat. §§ 726.105(1)(a), 726.105(1)(b), 726.106(1), 726.108 and 726.109.

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and Fed.R.Bankr.P. 7001.

3.     Venue is proper herein pursuant to 28 U.S.C. §§ 1408 and 1409(d), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the Southern District of Florida.

4.     This is a core proceeding for which this Court is authorized to hear and determine all matters and enter final judgment in accordance with 28 U.S.C. § 157(a), (b)(2)(A), (H) and (O).

## PARTIES AND PROCEDURAL BACKGROUND

5.     On December 22, 2016 (the "Petition Date"), the Debtor, FLOCAR INVESTMENT GROUP (the "Debtor" or "Flocar"), through its principal Delma Koessler, commenced the above-captioned bankruptcy by the filing of a voluntary petition for relief under Title 11, Chapter 7 of the United States Bankruptcy Code (the "Main Case").

6.     Plaintiff, MARCIA T. DUNN is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate in the Main Case (the "Estate").

7.     DELMA KOESSLER ("Delma"), at all relevant times, served as a director and president of the Debtor.  Delma was also a substantial shareholder in the Debtor.

8.     ROBERT KOESSLER ("Robert") (collectively with Delma, the "Koesslers or the "Principals"), at all relevant times, served as a director and vice-president of the Debtor.  Robert was also a substantial shareholder in the Debtor.

9.     Defendant, Bank of America, N.A., is a national federally chartered bank organized under the laws of the State of Delaware which conducts business in Miami-Dade County, Florida and is subject to the jurisdiction and venue of this Court.

## GENERAL ALLEGATIONS

10.     The Debtor was formed and incorporated in Florida on or around October 24, 2004 by Delma.  The Debtor's primary business was in real estate, including, among other things, rendering broker, consultant, and property management services for international investors.

11.     The Debtor did have certain real and legitimate business operations rendering the above services.

12.     However, the Debtor, through Delma and/or Robert, dissipated well in excess of one million dollars to or for the benefit of the Koesslers or other third parties, including payments for the personal expenses and the luxurious lifestyle of the Principals.

13.     The Koesslers often used the Debtor's corporate funds to make payments to themselves and for their personal expenses and obligations—none of which provided any benefit to the Debtor.

14.     Specifically, prior to the Petition Date, between July 7, 2014 through April 3, 2015, the Debtor made transfers to or for the benefit of the Defendant in the total amount of $15,281.85, as detailed on **Exhibit "A"** attached hereto, which the Plaintiff incorporates herein by reference, and contains: (i) a list of payments received by the Defendant from the Debtor or made on behalf of the Defendant from the Debtor during the applicable time frame; (ii) the date of each payment; (iii) the amount of each payment; (iv) the bank account from which each payment was made; and (v) the method of payment (collectively, the "Transfers").

15.     Each of the Transfers were made from accounts that were property of the Debtor.

16.     The Transfers did not relate to the Debtor's business operations.

17.     The Transfers did not confer any benefit upon, nor provide any value to the Debtor or its creditors.

18.    The Debtor's records do not indicate that the Transfers had a connection with or were related to the business of the Debtor.

19.    The Debtor's records do not indicate that the Defendant provided the Debtor with reasonably equivalent value in exchange for the Transfers.

20.    On information and belief, the Transfers were made for the personal expenses of the Koesslers' or for the benefit of other third parties.

21.    The Debtor's records do not indicate that the Debtor was indebted to the Defendant.

22.    At the time of the Transfers, the Debtor was not paying its debts as they generally came due; was involved in litigation and claims as a defendant with substantial exposure well beyond the Debtor's ability to pay; and otherwise had liabilities which exceeded the true value of its assets.

23.    In addition to the Debtor being involved in litigation and the asserted claims referenced above, the Debtor had at least one creditor at the time the Transfers were made, including, among others, the Internal Revenue Service, because the Debtor had not filed taxes since 2010.

24.    The Debtor was insolvent at the time the Transfers were made.

25.    Any conditions precedent to bringing this action have been performed, have occurred, have been waived, or have otherwise been excused.

## **RESERVATION OF RIGHTS**

26.    The Trustee is an after-the-fact appointed fiduciary.

27.    The Trustee reserves the right to amend, modify, and/or supplement these and other allegations contained in this Complaint, and causes of action against the Defendant or person or parties affiliated with the Defendants, based on her further investigation.

## COUNT I
## AVOIDANCE OF FRAUDULENT TRANSFER
### 11 U.S.C. §§ 544(b)(1) and 548(a)(1)(A), Fla. Stat. §§ 726.105(1)(a) and 726.108, and 26 U.S.C. § 6502(a)

28.     The Trustee adopts and realleges each and every allegation contained in Paragraphs 1 through 27 above as if specifically set forth herein.

29.     The Trustee sues Defendant pursuant to 11 U.S.C. §§ 544(b)(1) and 548(a)(1)(A), Fla. Stat. §§ 726.105(1)(a) and 726.108, and 26 U.S.C. § 6502(a) to avoid the Transfers as an actual fraudulent transfer.

30.     The Debtor made Transfers in the amount of $15,281.85 to Defendant within the four (4) year period prior to the Petition date.

31.     The Transfers were made with the actual intent to hinder, delay, or defraud a creditor of the Debtor.

32.     As of the time of the Transfers, the Debtor had at least one actual creditor, including but not limited to the Internal Revenue Service, holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Transfers were avoidable under applicable law, including 11 U.S.C. § 548(a)(1)(A), Fla. Stat. §§ 726.105(1)(a) and 726.108.

33.     As a result of the above, the Plaintiff is entitled to avoid the transfers pursuant to 11 U.S.C. §§ 544(b)(1) and 548(a)(1)(A) and Fla. Stat. §§ 726.105(1)(a) and 726.108(1)(a).

**WHEREFORE**, the Trustee respectfully requests the Court enter a judgment in her favor against Defendant: (a) declaring the Transfers to be a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(A) and/or Fla. Stat. § 726.105(1)(a); (b) avoiding and recovering the Transfers as a fraudulent transfer pursuant to §§ 544 and 548(a)(1)(A) and Fla. Stat. §§ 726.105(1)(a) and 726.108; (c) awarding to The Trustee, for the benefit of the Estate, pre- and post-judgment interest and costs; and (d) granting such other and further relief as may be just and proper.

## COUNT II
## AVOIDANCE OF FRAUDULENT TRANSFER
## 11 U.S.C. §§ 544(b)(1) and 548(a)(1)(B) and Fla. Stat. §§ 726.105(1)(b) and 726.108 and
## 26 U.S.C. § 6502(a)

34.     The Trustee adopts and realleges each and every allegation contained in Paragraphs 1 through 27 above as if specifically set forth herein.

35.     The Trustee sues Defendant pursuant to 11 U.S.C. §§ 544(b)(1) and 548(a)(1)(B) and Fla. Stat. §§ 726.105(1)(b) and 726.108 to avoid the Transfers as a constructively fraudulent transfer.

36.     The Debtor made the Transfers in the amount of $15,281.85 to Defendant within the four (4) year period prior to the Petition date.

37.     The Debtor received less than reasonably equivalent value in exchange for the Transfers, and:

   a) Was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

   a) The Debtor was engaged in business or a transaction, or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to its business or transaction; or

   b) The Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

38.     At the time of the Transfers, the Debtor had at least one actual creditor, including but not limited to the Internal Revenue Service, holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Transfers were avoidable under applicable law, including 11 U.S.C. § 548(a)(1)(B), Fla. Stat. §§ 726.105(1)(b) and 726.108.

39.     As a result of the above, the Plaintiff is entitled to avoid the transfers pursuant to 11 U.S.C. §§ 544(b)(1) and 548(a)(1)(B) and Fla. Stat. §§ 726.105(1)(b) and 726.108(1)(a).

**WHEREFORE**, The Trustee respectfully requests the Court enter a judgment in her favor against Defendant: (a) declaring the Transfers to be a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B) and/or Fla. Stat. § 726.105(1)(b); (b) avoiding and recovering the Transfers as a fraudulent transfer pursuant to 11 U.SC. §§ 544 and 548(a)(1)(B) and Fla. Stat. §§ 726.105(1)(b) and 726.108; (c) awarding to The Trustee, for the benefit of the Estate, pre- and post-judgment interest and costs; and (d) granting such other and further relief as may be just and proper.

## COUNT III
## AVOIDANCE OF FRAUDULENT TRANSFER
### 11 U.S.C. § 544(b)(1) and Fla. Stat. §§ 726.106(1) and 726.108

40.     The Trustee adopts and realleges each and every allegation contained in Paragraphs 1 through 27 above as if specifically set forth herein.

41.     The Trustee sues Defendant pursuant to 11 U.S.C. § 544(b)(1) and Fla. Stat. §§ 726.106(1) and 726.108(1)(a) to avoid the Transfers as a constructively fraudulent transfer.

42.     The Debtor made the Transfers in the amount of $15,281.85 to Defendant within the four (4) year period prior to the Petition date.

43.     The Debtor received less than reasonably equivalent value in exchange for the Transfers.

44.     The Debtor was insolvent at the time of the Transfers, or become insolvent as a result of the transaction.

45.     At the time of the Transfers, the Debtor had at least one actual creditor holding an unsecured claim, including but not limited to the Internal Revenue Service, which is allowable

within the meaning of 11 U.S.C. § 544(b)(1), by whom the Transfers were avoidable under applicable law, including Fla. Stat. §§ 726.106(1) and 726.108(1)(a).

46.    As a result of the above, the Plaintiff is entitled to avoid the transfers pursuant to 11 U.S.C. §§ 544(b)(1) and Fla. Stat. §§ 726.106(1) and 726.108(1).

**WHEREFORE**, The Trustee respectfully requests the Court enter a judgment in her favor against Defendant: (a) declaring the Transfers to be a fraudulent transfer pursuant to Fla. Stat. § 726.106(1); (b) avoiding and recovering the Transfers as a fraudulent transfer pursuant to 11 US.C. § 544 and Fla. Stat. §§ 726.106(1) and 726.108(1)(a); (c) awarding to The Trustee, for the benefit of the Estate, pre- and post-judgment interest and costs; and (d) granting such other and further relief as may be just and proper.

**COUNT IV**
**RECOVERY OF TRANSFERS**
**11 U.S.C. § 550 and Fla. Stat. §§ 726.108 and 726.109**

47.    The Trustee adopts and realleges each and every allegation contained in Paragraphs 1 through 27 above as if specifically set forth herein.

48.    The Trustee sues Defendant pursuant to 11 U.S.C. § 550 and Fla. Stat. § 726.108(1)(a) to recover the Transfers.

49.    The Transfers are avoidable pursuant to 11 U.S.C. §§ 544(b)(1), 548(a)(1)(A), and 548(a)(1)(B); Fla. Stat. §§ 726.105(1)(a), 726.105(1)(b) and/or 726.106(1) and Fla. Stat. § 726.108(1)(a), and 26 U.S.C. § 6502(a).

50.    With respect to the Transfers, the Defendant was either the initial transferee or entity for whose benefit the Transfers were made under 11 U.S.C. § 550(a)(1); or, alternatively, an immediate or mediate transferee within the meaning of 11 U.S.C. § 550(a)(2).

51.    To the extent that Defendant was or is found to be an immediate or mediate transferee within the meaning of 11 U.S.C. § 550(a)(2), Defendant was not a transferee who took for value, in good faith, without knowledge of the voidability of the transfer, within the meaning of 11 U.S.C. § 550(b)(1); or an immediate or mediate good faith transferee thereof within the meaning of 11 U.S.C. § 550(b)(2).

52.    The Transfers are, or the value of the Transfer is, recoverable by the Trustee from the Defendant for the benefit of the Debtor's Estate, pursuant to 11 U.S.C. § 550 and Fla. Stat. §§ 726.108 and 726.109.

**WHEREFORE**, the Trustee respectfully requests the Court enter a judgment in her favor against Defendant: (a) declaring the Defendant to be either the initial transferee of the Transfers or entity for whose benefit the Transfers were was made under 11 U.S.C. § 550(a)(1); or, alternatively, an immediate or mediate transferee of the Transfers within the meaning of 11 U.S.C. § 550(a)(2); (b) directing the Defendant to turn over to the Trustee, for the benefit of the Debtor's Estate, the Transfers or the value of the Transfers, plus interest at the applicable statutory rate, reasonable attorneys' fees, and costs and expenses to the extent permissible by applicable law; (c) awarding the Trustee, for the benefit of the Estate, costs under applicable law; and (d) Granting such other and further relief as may be equitable and just.

**DUNN LAW, PA.**
*Counsel for Plaintiff, Marcia T. Dunn,*
*as Chapter 7 Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Phone: (786) 433-3866
Fax:    (786) 260-0269
michael.dunn@dunnlawpa.com
joshua.kligler@dunnlawpa.com

By:    *Joshua C. Kligler*
        Joshua C. Kligler, Esq.

Fla. Bar No. 69397
Michael P. Dunn, Esq.
Fla. Bar No. 100705